956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Amos A. HOPKINS, Plaintiff-Appellant,
v.
Donnie R. SPARKS, as the District Manager, Canon City
District Office, U.S. Bureau of Land Management,
Canon City, Colorado, Defendant-Appellee.
 No. 91-1304.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Amos A. Hopkins, a Kiowa Indian, petitioned the Bureau of Land Management (BLM) of the U.S. Department of the Interior to classify and open public lands and simultaneously applied for an Indian land allotment. After the BLM denied plaintiff's petition and application because they included private as well as public lands, plaintiff amended and refiled the petition and application. When the BLM did not process his amended petition and application promptly plaintiff filed a pro se action in federal court seeking to compel the BLM to act. During the pendency of the case the BLM issued a decision on June 14, 1991, denying plaintiff relief for reasons stated therein. That decision informed plaintiff that he had forty-five days from its receipt to file a protest with the Canon City district office, and that "if no protests are filed within the time allowed, this Decision will become final." I R. tab 8 ex. A-1 at 5. In its order issued July 30, 1991, the district court construed the plaintiff's pro se complaint as seeking review of the BLM's decision to deny plaintiff an allotment, but dismissed the action for failure to exhaust administrative remedies.
 
 
 3
 Plaintiff thereafter filed this timely appeal from the district court decision; but he never filed for administrative review of the June 14, 1991 decision of the BLM.
 
 
 4
 We agree with the district court that it should not entertain a challenge to the BLM's decision until administrative remedies have been exhausted. See Kale v. United States, 489 F.2d 449, 454 (9th Cir.1973), cert. denied, 417 U.S. 915 (1974); see also Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938). It is too late now for plaintiff to exhaust the administrative remedies; plaintiff bypassed his opportunity for administrative review under the time limits set out in the decision advising him that the BLM had rejected his claim. Furthermore, a failure to file an administrative appeal in time does not constitute "futility" within the contemplation of the law as necessary to permit us to review plaintiff's claim on its merits. See Kale, 489 F.2d at 454; see also Coalition for Preservation of Hispanic Broadcasting v. FCC, 931 F.2d 73, 77 (D.C.Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 298 (1991).
 
 
 5
 Because plaintiff's complaint was filed before the BLM's decision on the amended application, the complaint did not contest any of the reasons given by the BLM for its denial of plaintiff's application. No arguments directed to the BLM decision are in the district court record that was certified to us on appeal. Therefore, it might have been more appropriate for the district court simply to have denied the plaintiff's petition to compel the BLM to act as moot because the Board had acted, albeit in a manner contrary to plaintiff's desires.[1] Cf. Gray v. Office of Personnel Management, 771 F.2d 1504, 1514 (D.C.Cir.1985), cert. denied, 475 U.S. 1089 (1986) (mandamus claim moot because agency had performed statutory duty).
 
 
 6
 In either event, the court's dismissal was proper and it is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We do not believe, however, that plaintiff was prejudiced by the district court's action in liberally construing the complaint. Plaintiff has had prior experience in Indian land allotment applications. See, e.g., United States v. Hopkins, 716 F.2d 739 (10th Cir.1982) (upholding conviction of mail fraud in scheme to collect fees for assisting persons in filing for Indian land allotments)